UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16-CR-123 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| CHRISTOPHER FITZGERALD | ) | |
| | ) | |
| DEFENDANT. | ) | |

Defendant Christopher Fitzgerald ("defendant" or "Fitzgerald") moves for disclosure of the identity of the confidential informants that were used during the investigation. (Doc. No. 53 ["Mot."].) The government opposes the motion. (Doc. No. 58 ["Opp'n"].) In addition to the identity of all confidential informants, including the identity of an individual identified in the affidavit supporting the application for a search warrant as Confidential Source #5 ("CS#5"), defendant seeks the disclosure of any evidence bearing on each informant's credibility.[1] He represents that access to this information is "critical to disproving any alleged connection of Christopher Fitzgerald to the drug trafficking organization in this case." (Mot. at 274.) Defendant further surmises that "the informant's identity could lead to exculpatory information since there may be a probability that the revelation of the identities of the confidential informants may raise the specter of uncovering exculpatory information. This raises an issue concerning the

---

[1] Specifically, defendant seeks disclosure of evidence tending to show that the informant was under the influence of drugs or alcohol at the time he provided information to law enforcement, the length of and extent of his involvement as an informant, the amount he was paid for his assistance, any nonmonetary assistance he received, as well as any promises made to him and the nature of his past assistance. (Mot. at 273-74.)

informant's credibility, and should be tested by" Fitzgerald. (*Id*. at 275.)

The government has a limited privilege to withhold the identity of a confidential informant. *Roviaro v. United States*, 353 U.S. 53, 59-62, 77 S. Ct. 623, 1 L Ed. 2d 639 (1957); *United States v. Jenkins*, 4 F.3d 1338, 1341 (6th Cir. 1993) (citation omitted); *see United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1982) (citation omitted). "The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement[,]" *Roviaro*, 353 U.S. at 59, in that it encourages persons to cooperate with the police in such a capacity. *Id.* The privilege is not, however, absolute. "Where disclosure of an informant's identity is relevant and helpful to the defense of an accused, or is essential to a fair adjudication of the case, the privilege must give way." *United States v. Leslie*, No. 402CR039, 2002 WL 3332059743, at *3 (E.D. Tenn. Oct. 4, 2002) (citing *Roviaro*, 353 U.S. at 60-61) (omitting further citations); *see United States v. Hammons*, 411 Fed. App'x 837, 843 (6th Cir. 2011) (citations omitted).

Supreme Court and Sixth Circuit law teaches that, "[t]o determine whether the government is required to disclose the identity of the informant, [courts] balance 'the public interest in protecting the flow of information against the individual's right to prepare his defense.'" *United States v. Doxey*, 833 F.3d 692, 706 (6th Cir. 2016) (quoting *Roviaro*, 353 U.S. at 62); *Moore*, 954 F.2d at 381 (similar) (citation omitted). "This depends 'on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.'" *Doxey*, 833 F.3d at 706 (quoting *Roviaro*, 353 U.S. at 62; citing *United States v. Sales*, 247 F. App'x 730, 734 (6th Cir. 2007)). A motion to reveal the identity of confidential informants is usually denied "when the informer was not a participant in the underlying alleged crime, and instead 'was a mere tipster or introducer.'" *Doxey*, 833 F.3d at 707 (quoting *United States v. Sharp*, 778 F.2d

2

1182, 1186 n.2 (6th Cir. 1985) (per curiam)).

The burden of establishing the need for disclosure of an informant's identity is upon the party who seeks it. *See Moore*, 954 F.2d at 381 (citing *United States v. Hanna*, 341 F.2d 906, 907 (6th Cir. 1965)). A mere request is not sufficient to establish need. *United States v. Smith*, 90 F. App'x 120, 125 (6th Cir. 2004) (holding that the denial of a defense motion to compel disclosure of any informant's identity is not an abuse of discretion where defendant made no showing as to how such disclosure would substantively assist the defense) (citing *Sharp*, 778 F.2d at 1187) (quotation marks omitted). Speculation as to helpfulness also falls short of establishing need. *See United States v. Williams,* 898 F.2d 1400, 1402 (9th Cir. 1990) (citations omitted); *Sharp*, 778 F.2d at 1187 ("Mere conjecture or supposition about the possible relevance of the informant's testimony is insufficient to warrant disclosure.") (quoting *United States v. Gonzales*, 606 F.2d 70, 75 (5th Cir. 1979)). Instead, a defendant must come forward with probative evidence supporting the need for disclosure. *Sharp*, 778 F.2d at 1187.

Here, while Fitzgerald represents that the information he seeks is "critical" to disproving his connection to the drug trafficking organization identified in the indictment, he offers nothing but his conjecture that the information "could lead to exculpatory information" because there "may be a probability" that the information will serve to uncover exculpatory information. This rank speculation by counsel is woefully insufficient to tip the balance in favor of disclosure. *See Sharp*, 778 F.2d at 1187; *see, e.g., Sales*, 247 F. App'x at 734 (suggesting that he could have a *possible* alibi was insufficient to justify disclosure because the defendant "only speculates as to what disclosure [of the confidential informant's identity] might do; he has not established that disclosure would have substantively assisted his defense or that disclosure was essential to a fair trial") (citation omitted); *United States v. Makki*, No. 06-20324, 2007 WL 781821, at *3 (E.D.

Mich. Mar. 13, 2007) (refusing to require the government to reveal identity of confidential sources, noting that "[u]sworn assertions of . . . counsel will not suffice") (citation omitted); *United States v. Edelin*, 128 F. Supp. 2d 23, 33-34 (D.D.C. 2001) (defendant's "mere speculation that the informer might possibly be of some assistance is not sufficient to meet [defendant's] burden") (quotation marks and citation omitted).

Also weighing against disclosure is the fact that there is nothing in the record to suggest that the primary confidential informant, CS#5, was anything more than a tipster; he was not an eye witness to any of the alleged crimes set forth in the indictment. *See Doxey*, 833 F.3d at 707 (the confidential informant "was merely a tipster, and not 'an active participant in the events underlying [Doxey's] potential liability'") (quoting *Sharp*, 778 F.2d at 1186 n.2). In fact, Fitzgerald's motion to suppress was premised, in part, on the fact that CS#5 did not convey first-hand information to law enforcement, but offered only hearsay. (Doc. No. 49 (Memorandum Opinion) at 257.) *See, e.g., Sales*, 247 F. App'x at 734 (disclosure was unwarranted where defendant was not charged with the events occurring during the controlled purchase made by the confidential informant).

Further, to the extent that defendant seeks impeachment information, the government correctly notes that it is not obligated to disclose information regarding the impeachability of potential government witnesses at this time. Defendant has not suggested, and there is no evidence before the Court, that the government will not honor its obligations under *Brady*, *Gigilo*, and the Jencks Act by providing such information in time for it to be used during cross-examination. *See United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988) (citations omitted); *see, e.g., United States v. Deaton*, 448 F. Supp. 532, 538 (N.D. Ohio 1978) (district court ordered impeachment material to be disclosed immediately prior to witness' testimony). Of

course, the Court encourages the government to turn over any impeachment or exculpatory evidence early enough to avoid delays at trial, but the Court cannot require the government to disclose such matter until it is legally obligated to do so.

For all of the foregoing reasons, defendant's motion to disclose the identity of confidential informants is denied.

**IT IS SO ORDERED**.

Dated: January 30, 2017

                                           **HONORABLE SARA LIOI**
                                           **UNITED STATES DISTRICT JUDGE**